UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY JANSEN,

        Plaintiff,                      Case No. 1:07-CV-766

v.                                         Hon. Richard Alan Enslen

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## **JUDGMENT**

        This is an action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act.  The matter was referred to United States Magistrate Judge Ellen S. Carmody, who issued a Report and Recommendation ("Report") to affirm in part and remand in part the decision of the Commissioner.  The matter presently is before the Court on Defendant's objections to the Report.

        This Court reviews *de novo* those portions of a Report to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1).

        Plaintiff applied for benefits on April 1, 2003, alleging that she had been disabled since November 10, 2000, due to depression and anxiety.  The Administrative Law Judge ("ALJ") held a hearing on May 5, 2005 and rendered a written decision denying benefits on June 22, 2005.  That

decision analyzed separately two periods of potential eligibility: (1) between November 10, 2000 and June 30, 3003; and (2) between July 1, 2003 and the date of decision. The Commissioner declined to review the ALJ's decision, rendering it the Commissioner's final decision.

In her Report, the Magistrate Judge recommended affirmance of the Commissioner's decision with respect to the latter period but recommended that the determination on the former period, November 10, 2000 through June 30, 2003, be remanded for further findings. Defendant objects to that portion of the Report recommending remand.

The Court's review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Magistrate Judge concluded that the ALJ failed to make the required findings under 20 C.F.R. § 404.1535 for determining whether a claimant's drug or alcohol abuse is a "contributing factor material" to the finding of disability as described by 42 U.S.C. § 423(d)(2)(C). Specifically, the Magistrate Judge found that the ALJ failed to "evaluate which of [Plaintiff's] current physical and mental limitations, upon which [the ALJ] based his current disability determination, would remain if [Plaintiff] stopped using drugs or alcohol . . . , before he reached the question "whether any or all of [Plaintiff's] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2).

In his objections, Defendant argues the ALJ made implicit findings that the symptoms for Plaintiff's bipolar disorder "resulted from the regular use of addictive substances" and that her remaining emotional impairments, in conjunction with her physical impairments, did not "'preclude the performance of unskilled, entry-level work in jobs described by the vocational expert.'"  (Obj.

at 4 (quoting Admin. Rec. at 27), Dkt. No. 15.) Defendant suggests that the ALJ was not required to make further factual findings about Plaintiff's remaining limitations.

Defendant's argument essentially proposes to eliminate the necessary step set forth in 20 C.F.R. § 404.1535(b)(2), which requires that the ALJ evaluate which limitations would remain prior to making any determination about whether those remaining limitations would be disabling. If accepted, Defendant's argument would permit any ALJ to simply reach a conclusion about the materiality of addictive substances without setting forth the factual findings necessary to that determination. Such a rule would prevent a claimant from challenging the specifics of the findings and would bar effective review in this Court. The Magistrate Judge therefore correctly applied the applicable law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Objections (Dkt. No. 15) are **DENIED**, the Report and Recommendation (Dkt. No. 14) is **ADOPTED**, and the Commissioner of Social Security's decision to deny benefits is **AFFIRMED IN PART AND REMANDED** for further factual findings consistent with the Report and this Judgment.

DATED in Kalamazoo, MI:  
September 30, 2008

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE

3